UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Vertigo Vapor LLC d/b/a Baton Vapor;
Max & Zach's Vapor Shops Inc.,

    Petitioners,

v.

U.S. Food and Drug Administration;
Robert Califf, Commissioner; U.S.
Department of Health and Human
Services; Xavier Becerra, Secretary,

    Respondents.

No. 24-____

U.S. COURT OF APPEALS
RECEIVED
June 28, 2024
FIFTH CIRCUIT

## PETITION FOR REVIEW

Petitioners Vertigo Vapor LLC d/b/a Baton Vapor ("Vertigo Vapor") and Max & Zach's Vapor Shops Inc. ("Max & Zach's") (collectively, "Petitioners"), pursuant to Section 912 of the Federal Food, Drug and Cosmetic Act ("FDCA"), as amended by the Family Smoking Prevention and Tobacco Control Act ("TCA"), 21 U.S.C. § 387*l*, and Fed. R. App. P. 15(a) and Fifth Circuit Rule 15, respectfully submit this petition for review of a Marketing Denial Order ("MDO") dated May 30, 2024 and issued by Respondent U.S. Food and Drug Administration ("FDA") under 21 U.S.C. § 387j(c) for various Vertigo Vapor electronic nicotine delivery system ("ENDS") products (STNs PM0000975.PD21-PD30). A copy of the MDO is attached as Ex. A. This petition was timely filed within the 30-day deadline set forth at 21 U.S.C. § 387*l*(a).

1

Venue is proper in this Circuit because Max & Zach's has its principal place of business in Texas, located at 4506 Garth Road, Unit M, Baytown, Texas, which is within this Circuit.  Max & Zach's is also a "person adversely affected by" the issuance of the MDO, as required by 21 U.S.C. § 387*l*(a)(1)(B), as it sold ENDS products subject to the MDO within this Circuit and will not be able to sell those products if the MDO remains in place.

Petitioners seek review of the MDO under Section 19 of the TCA, 21 U.S.C. § 387*l*(b), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, on the grounds that the MDO: (i) is arbitrary, capricious, an abuse of discretion, and not in accordance with the law; (ii) violates the Constitution, including the Due Process Clause of the Fifth Amendment, and the TCA; (iii) is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (iv) was issued without observance of procedure required by law; and (v) is not otherwise supported by substantial evidence.

Accordingly, Petitioners respectfully request this Court: (i) hold that the MDO is unlawful; (ii) vacate the MDO and remand to FDA for further proceedings; (iii) stay the MDO pending the outcome of this petition for review; and (iv) provide such other relief as this Court deems appropriate.

Dated: June 28, 2024

/s/ Eric P. Gotting
Eric P. Gotting
KELLER AND HECKMAN LLP
1001 G Street, NW
Suite 500 West
Washington, DC 20001
Phone: (202) 434-4100
Fax: (202) 434-4646
gotting@khlaw.com

*Counsel for Petitioners*

# CERTIFICATE OF INTERESTED PERSONS

**No. 24-\_\_\_\_; Vertigo Vapor, et al. v. FDA, et al.**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Vertigo Vapor (Petitioner)

2. Max & Zach's Vapor Shops Inc. (Petitioner)

3. Eric P. Gotting (counsel for Petitioners)

4. Azim Chowdhury (counsel for Petitioners)

5. U.S. Food and Drug Administration (Respondent)

6. U.S. Department of Health and Human Services (Respondent)

7. Hon. Merrick B. Garland (U.S. Attorney General)

8. Xavier Becerra (Respondent; HHS Secretary)

9. Samuel R. Bagenstos (HHS General Counsel)

10. Robert M. Califf (Respondent; FDA Commissioner)

11. Brian King (Director, FDA Center for Tobacco Products)

12. Wendy S. Vicente (FDA Deputy Chief Counsel for Litigation)

Petitioner Vertigo Vapor does not have any parent corporation or any publicly held corporation that owns 10% or more of its stock.

Petitioner Max & Zach's does not have any parent corporation or any publicly held corporation that owns 10% or more of its stock.

/s Eric P. Gotting

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d), I hereby certify that on June 28, 2024, I filed the foregoing Petition for Review via the Court's ECF filing system. I further certify that I caused one copy to be served on the following by Certified Mail/Return Receipt Requested and by electronic mail where indicated:

Hon. Merrick B. Garland
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Attorney General for Administration
Justice Management Division
United States Department of Justice
950 Pennsylvania Ave., N.W.
Room 1111
Washington, D.C. 20530

Xavier Becerra, Secretary
U.S. Department of Health and Human Services
200 Independence Ave., S.W.
Washington, D.C. 20201-0004
Xavier.Becerra@hhs.gov

Office of the General Counsel
U.S. Department of Health and Human Services
200 Independence Ave., S.W.
Washington, D.C. 20201

Samuel R. Bagenstos, General Counsel
Office of General Counsel
U.S. Department of Health and Human Services
200 Independence Ave., S.W., Room 713-F
Washington, D.C. 20201
Samuel.Bagenstos@hhs.gov

Robert M. Califf, M.D., Commissioner
U.S. Food and Drug Administration
10903 New Hampshire Ave.
Silver Spring, MD 20993-0002
commissioner@fda.hhs.gov

Chief Counsel, Food and Drug Administration
ATTENTION: LITIGATION
White Oak Building 31 Rm 4544
10903 New Hampshire Ave.
Silver Spring, MD 20993-0002
OC-OCC-FDA-Litigation-Mailbox@fda.hhs.gov

Wendy S. Vicente
Deputy Chief Counsel for Litigation
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak Building 31, Room 4562
Silver Spring, MD 20993
Wendy.Vicente@fda.hhs.gov

Brian King, Ph.D., Director
Center for Tobacco Products
U.S. Food and Drug Administration
10903 New Hampshire Ave.
Silver Spring, MD 20993
Brian.King@fda.hhs.gov

/s Eric P. Gotting
Eric P. Gotting

# EXHIBIT A

 

U.S. Food & Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
www.fda.gov

May 30, 2024

**DENIAL**

Vertigo Vapor Inc.
Attention: Thomas Vo, CEO
150 North Gibson Road, Suite C
Henderson, NV 89014

**FDA Submission Tracking Numbers (STNs.PDs):** PM0000975.PD21-PM0000975.PD30, see Appendix A

Dear Thomas Vo:

We are denying a marketing granted order for the products identified in Appendix A.

**The statute places the burden on the applicant to make the required showing by providing that FDA "shall deny an application" for a product to receive a PMTA marketing authorization if, "upon the basis of the information submitted to the Secretary as part of the application and any other information before the Secretary with respect to such tobacco product," FDA finds that "there is a lack of a showing that permitting such tobacco product to be marketed would be appropriate for the protection of the public health" (APPH). Based on our review of your PMTAs[1], we determined that the new products, as described in your applications and specified in Appendix A, lack sufficient evidence to demonstrate that the marketing of these products is APPH. You cannot introduce or deliver for introduction these products into interstate commerce in the United States. Doing so is a prohibited act under section 301(a) of the FD&C Act, the violation of which could result in enforcement action by FDA. These actions may include, but are not limited to, civil money penalties, including an enhanced civil money penalty under FD&C Act section 303(f)(9)(B)(i), seizure, and/or injunction.**

If you choose to submit new applications for these products, you must fulfill all requirements set forth in section 910(b)(1) and 21 CFR Part 1114. You may provide information to fulfill some of these requirements by including an authorization for FDA to cross-reference a Tobacco Product Master File[2]. You may not cross-reference information submitted in the PMTAs subject to this Denial.

Based on review of your PMTAs, we identified the following key basis for our determination:

1. Your PMTAs lack sufficient evidence demonstrating that your flavored ENDS will provide a benefit to adult users that would be adequate to outweigh the risks to youth. There is substantial evidence that flavored ENDS, like the subject products, have significant appeal to youth and are associated with youth initiation and use. The marketing restrictions and other mitigation measures that you proposed cannot mitigate the substantial risk to youth from flavored ENDS sufficiently to reduce the magnitude of adult benefit required to demonstrate APPH. In light of the known risks to youth of marketing flavored ENDS, robust and reliable

---
[1] Premarket Tobacco Product Applications (PMTAs) submitted under section 910 of the Federal Food, Drug, and Cosmetic Act (FD&C Act)
[2] See guidelines at https://www.fda.gov/regulatory-information/search-fda-guidance-documents/tobacco-product-master-files

evidence is needed regarding the benefit to adults who smoke, who switch completely or significantly reduce their smoking. Whether other products give adults who smoke comparable options for complete switching or significant cigarette reduction bears on the extent of the public health benefit that the subject ENDS arguably provide to that population. Because tobacco-flavored ENDS have not been shown to present the same risks to youth as flavored ENDS, marketing of flavored ENDS is APPH only if the evidence shows a benefit to adults who smoke as compared to tobacco-flavored ENDS.

This evidence could have been provided using a randomized controlled trial and/or longitudinal cohort study that demonstrated the benefit to adults who use your flavored ENDS products over an appropriate comparator tobacco-flavored ENDS. We did not find such evidence in your PMTAs.

FDA would also consider other evidence that reliably and robustly evaluated the impact of the new flavored vs. tobacco-flavored products on complete switching or significant cigarette reduction over time among adults who use combustible cigarettes. Although your PMTAs contained cross-sectional surveys on perceptions and use of combusted cigarettes and ENDS products, this evidence is not sufficient to show a benefit of using these flavored ENDS to adults who smoke because it does not evaluate the specific products in the applications; evaluate complete switching or significant cigarette reduction resulting from use of these products over time; or evaluate these outcomes based on flavor type to enable comparisons between tobacco and other flavors.

Without this information, FDA cannot determine whether these products would provide an added benefit that is adequate to outweigh the risks to youth and, therefore, cannot find that permitting the marketing of your new tobacco products would be APPH. Because you have not met your burden of "showing" that permitting the marketing of the new products would be APPH as required by Section 910(c)(2)(A), we must deny authorization for your applications.

The review concluded that key evidence demonstrating APPH is absent. Therefore, scientific review did not proceed to assess other aspects of the applications. FDA finds that it is not practicable to identify at this time an exhaustive list of all possible deficiencies.

Your PMTAs lack sufficient information to support a finding of APPH. Because you have not met your burden of "showing" that permitting the marketing of the new products would be APPH as required by Section 910(c)(2)(A), we are issuing a marketing denial order. Your products are misbranded under section 903(a)(6) of the FD&C Act and adulterated under section 902(6)(A) of the FD&C Act. Failure to comply with the FD&C Act may result in FDA regulatory action without further notice. These actions may include, but are not limited to, civil money penalties, seizure, and/or injunction.

We encourage you to submit all regulatory correspondence electronically via the CTP Portal[3,4] using eSubmitter.[5] Alternatively, submissions may be mailed to:

> Food and Drug Administration
> Center for Tobacco Products
> Document Control Center (DCC)
> Building 71, Room G335
> 10903 New Hampshire Avenue
> Silver Spring, MD 20993-0002

The CTP Portal and FDA's Electronic Submission Gateway (ESG) are generally available 24 hours a day, seven days a week; submissions are considered received by DCC on the day of successful upload. Submissions delivered to DCC by courier or physical mail will be considered timely if received during delivery hours on or before the due date[6]; if the due date falls on a weekend or holiday, the delivery must be received on or before the preceding business day. We are unable to accept regulatory submissions by e-mail.

If you have any questions, please contact Deema Slim, Regulatory Health Project Manager, at (301) 825-3053 or Deema.Slim@fda.hhs.gov.

Sincerely,

Digitally signed by Benjamin Apelberg -S
Date: 2024.05.30 08:31:21 -04'00'

Benjamin Apelberg, Ph.D.
Deputy Director
Office of Science
Center for Tobacco Products

Enclosure: **(if provided electronically, the Appendix is not included in physical mail):**
Appendix A – New Tobacco Products Subject of This Letter

---

[3] For more information about CTP Portal, see https://www.fda.gov/tobacco-products/manufacturing/submit-documents-ctp-portal
[4] FDA's Electronic Submission Gateway (ESG) is still available as an alternative to the CTP Portal.
[5] For more information about eSubmitter, see https://www.fda.gov/industry/fda-esubmitter
[6] https://www.fda.gov/tobacco-products/about-center-tobacco-products-ctp/contact-ctp

## Appendix A
### New Tobacco Products Subject of This Letter

| Common Attributes[7,8,9,10] | |
|---|---|
| Submit date | September 4, 2020 |
| Receipt date | September 4, 2020 |
| Applicant | Vertigo Vapor Inc. |
| Product manufacturer | Vertigo Vapor Inc. |
| Product category | Electronic Nicotine Delivery Systems (ENDS) (VAPES) |
| Product subcategory | ENDS Component |
| STN | PM0000975.PD21 |
| Product name | baton nic-salts GLACIER MINT 0.0% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | None |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 0 mg/mL |
| STN | PM0000975.PD22 |
| Product name | baton nic-salts GLACIER MINT 0.5% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | Tobacco |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 5 mg/mL |
| STN | PM0000975.PD23 |
| Product name | baton nic-salts GLACIER MINT 1.0% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | Tobacco |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 10 mg/mL |

---

[7] We interpret package type to mean container closure system and package quantity to mean product quantity within the container closure system, unless otherwise identified.
[8] Product name is brand/sub-brand or other commercial name used in commercial distribution.
[9] Effective April 14, 2022, FDA's authority to regulate tobacco products was extended to include tobacco products containing nicotine from any source. Therefore, nicotine source should be included in future submissions.
[10] Attributes in Appendix A may display converted values.

| STN | PM0000975.PD24 |
|---|---|
| Product name | baton nic-salts GLACIER MINT 1.5% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | Tobacco |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 15 mg/mL |
| STN | PM0000975.PD25 |
| Product name | baton nic-salts GLACIER MINT 1.9% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | Tobacco |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 19 mg/mL |
| STN | PM0000975.PD26 |
| Product name | baton nic-salts GLACIER MINT 2.0% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | Tobacco |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 20 mg/mL |
| STN | PM0000975.PD27 |
| Product name | baton nic-salts GLACIER MINT 2.5% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | Tobacco |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 25 mg/mL |
| STN | PM0000975.PD28 |
| Product name | baton nic-salts GLACIER MINT 3.0% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | Tobacco |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 30 mg/mL |

| STN | PM0000975.PD29 |
|---|---|
| Product name | baton nic-salts GLACIER MINT 4.0% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | Tobacco |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 40 mg/mL |
| STN | PM0000975.PD30 |
| Product name | baton nic-salts GLACIER MINT 5.0% 10ml |
| Package type | Box |
| Package quantity | 1 Bottle |
| Characterizing flavor (CF) | Flavored |
| Flavored CF, as identified | Mint |
| Nicotine source | Tobacco |
| Additional property | Volume: 10 mL, PG: 50%, VG: 50%, Nicotine Concentration: 50 mg/mL |