No. 24-60332

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

VERTIGO VAPOR, L.L.C., d/b/a Baton Vapor; MAX & ZACH'S VAPOR SHOPS INCORPORATED,

*Petitioners,*

v.

FOOD & DRUG ADMINISTRATION; ROBERT M. CALIFF, Commissioner of Food and Drugs; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; XAVIER BECERRA, Secretary, U.S. Department of Health and Human Services

*Respondents.*

On Petition for Review of a Final Marketing Denial Order
by the U.S. Food and Drug Administration

## OPPOSED MOTION TO DISMISS

*Of Counsel:*

SAMUEL R. BAGENSTOS
 *General Counsel*
 *Dep't of Health and Human Services*

MARK RAZA
 *Chief Counsel*

WENDY S. VICENTE
 *Deputy Chief Counsel for Litigation*

LEAH A. EDELMAN
 *Associate Chief Counsel*
 *Office of the Chief Counsel*
 *Food and Drug Administration*

BRIAN M. BOYNTON
 *Principal Deputy Assistant Attorney*
 *General*

LINDSEY POWELL
KEVIN B. SOTER
 *Attorneys, Appellate Staff*
 *Civil Division, Room 7222*
 *U.S. Department of Justice*
 *950 Pennsylvania Ave., NW*
 *Washington, DC 20530*
 *(202) 305-1754*

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required, as respondents are all governmental parties. 5th Cir. R. 28.2.1.

Petitioners seek review of a U.S. Food and Drug Administration (FDA) order denying petitioner Vertigo Vapor, L.L.C.'s application to market various flavored e-cigarette products. Although a motions panel of this Court has held that venue is proper in these circumstances, the government hereby preserves its argument to the contrary and respectfully moves to dismiss the petition for review for improper venue.

The Family Smoking Prevention and Tobacco Control Act provides that "any person adversely affected" by the denial of an application to market a new tobacco product "may file a petition for judicial review of such . . . denial with the United States Court of Appeals for the District of Columbia or for the circuit in which such person resides or has their principal place of business." 21 U.S.C. § 387*l*(a)(1). Vertigo Vapor's principal place of business is in Washington State, and venue is therefore proper in only the D.C. Circuit and the Ninth Circuit. Vertigo Vapor accordingly filed a parallel petition for review of the same marketing denial order in the Ninth Circuit on the same day as it filed this action, citing its principal place of business in Washington as the basis for Ninth Circuit venue. Pet. for Review 2, *Vertigo Vapor LLC v. FDA*, No. 24-4011 (9th Cir. June 28, 2024), ECF No. 1. Thus, as between the two proper venues (the D.C. and Ninth Circuits), Vertigo Vapor has already elected to proceed in the Ninth Circuit. This petition should be dismissed for

improper venue because Vertigo Vapor's principal place of business is outside this Circuit.

Vertigo Vapor has tried to establish venue in this Circuit by joining to its petition Max & Zach's Vapor Shops, which the petition asserts "sold [electronic nicotine delivery system] products subject to the [marketing denial order] within this Circuit and will not be able to sell those products if the [marketing denial order] remains in place." Pet. for Review 2. But Max & Zach's has no statutory right to challenge the marketing denial order issued on Vertigo Vapor's applications as it is not "adversely affected" by the order within the meaning of the Tobacco Control Act, and it therefore cannot establish venue in this Circuit. *See R.J. Reynolds Vapor Co. v. FDA*, No. 23-60037, 2024 WL 1945307, at *2-3 (5th Cir. Feb. 2, 2024) (unpublished order) (Higginson, J., dissenting) (explaining that petitioners' approach "would render the venue limitations in 21 U.S.C. § 387*l*(a)(1) surplusage" and "cannot seem to be reconciled with the other provisions of the TCA"). Moreover, because the Tobacco Control Act provides that "any person adversely affected . . . may file a petition for judicial review" in "the circuit in which *such person* resides or has their principal place of business," 21 U.S.C. 387*l*(a)(1)(B) (emphasis added), even if Texas Wholesale were adversely affected within the meaning of the statute, establishing venue in this Circuit as to one petitioner

2

would not suffice to establish venue for other parties not located in this Circuit. *See Smith v. Lyon*, 133 U.S. 315, 319 (1890) (establishing the default rule that, in multi-party cases, "each plaintiff must be competent to sue" in the chosen venue).

The government recognizes that this Court has held that venue was proper in this Circuit in a case presenting similar circumstances. *See R.J. Reynolds Vapor Co. v. FDA*, 65 F.4th 182, 188 (5th Cir. 2023); *R.J. Reynolds Vapor Co. v. FDA*, No. 23-60037, 2024 WL 1945307, at *1-2 (5th Cir. Feb. 2, 2024) (unpublished order). The government filed a petition for certiorari on that question, and it remains pending. *See FDA v. R.J. Reynolds Vapor Co.*, No. 23-1187 (petition filed May 2, 2024). The government files this motion to dismiss to preserve the issue for further review. Petitioners oppose this motion and plan to file a response.

# CONCLUSION

For the foregoing reasons, the Court should dismiss the petition for review.

Respectfully submitted,

*Of Counsel:*

SAMUEL R. BAGENSTOS
  *General Counsel*
  *Dep't of Health and Human Services*

MARK RAZA
  *Chief Counsel*

WENDY S. VICENTE
  *Deputy Chief Counsel for Litigation*

LEAH A. EDELMAN
  *Associate Chief Counsel*
  *Office of the Chief Counsel*
  *Food and Drug Administration*

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
  *General*

LINDSEY POWELL
/s/ Kevin B. Soter
KEVIN B. SOTER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7222*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Washington, DC 20530*
  kevin.b.soter@usdoj.gov
  (202) 305-1754

JULY 2024

# CERTIFICATES OF SERVICE AND COMPLIANCE

I hereby certify that on July 9, 2024, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

I further certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 645 words. This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using 14-point Calisto MT, a proportionally spaced typeface.

*/s/ Kevin B. Soter*
KEVIN B. SOTER
